**AKERMAN LLP**
Kanika D. Corley (SBN 223607)
*kanika.corley@akerman.com*
Narmin A. Shahin (SBN 281588)
*narmin.shahin@akerman.com*
601 W. Fifth Street, Suite 300
Los Angeles, CA 90071
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

Attorneys for Defendant
HYUNG SUNG INVESTMENT PROPERTIES, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>GREEN TACO, a business of unknown form; HYUNG SUNG INVESTMENT PROPERTIES, LLC, a California limited liability company; and DOES 1-10, inclusive.<br><br>Defendants. | CASE NO. 5:18-cv-01855-JGB(SPX)<br><br>Hon. Jesus G. Bernal, District Judge<br><br>**DEFENDANT HYUNG SUNG INVESTMENT PROPERTIES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: August 30, 2018<br>Trial Date: None Set |

Defendant HYUNG SUNG INVESTMENT PROPERTIES, LLC ("Defendant") answers the Complaint filed by Plaintiff JAMES RUTHERFORD ("Plaintiff") as follows:

## PARTIES

1.  In response to Paragraph 1 of the Complaint, Defendant lacks adequate information to admit or deny the factual allegations in Paragraph 1 and on that basis denies all of the factual allegations in this Paragraph. As to the remaining legal allegations in Paragraph 1 commencing on line 9 through 15, Defendant is not

1  required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.   In response to Paragraph 2 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

3.   In response to paragraph 3 of the Complaint, Defendant admits the allegations.

4.   In response to paragraph 4 of the Complaint, Defendant admits the allegations.

5.   In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6.   In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

7.   In response to Paragraph 7 of the Complaint, Defendant lacks adequate information to admit or deny the allegations in paragraph 7 and on that basis, denies each and every allegation. As to the balance of the allegations in this Paragraph, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**JURISDICTION AND VENUE**

8.   In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

9.   In response to Paragraph 9 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

10.  In response to Paragraph 10 of the Complaint, Defendant is not required

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FACTUAL ALLEGATIONS

11. In response to Paragraph 11 of the Complaint, Defendant lacks adequate information to admit or deny the allegations in this paragraph and on that basis, denies each and every allegation.

12. In response to paragraph 12 of the Complaint, Defendant admits the allegations.

13. In response to Paragraph 13 of the Complaint, Defendant objects that the allegations contained in Paragraph 13 are vague, ambiguous and unintelligible. However, to the extent the allegations can be understood Defendant lacks adequate information to admit or deny such allegations, and on that basis, denies each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendant lacks adequate information to admit or deny such factual allegations, and on that basis, denies each and every factual allegation contained in Paragraph 14. As to the balance of the allegations in the Paragraph, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant lacks adequate information to admit or deny the factual allegations in paragraph 15 and on that basis, denies each and every allegation. As to the balance of the allegations in the Paragraph, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant lacks adequate information to admit or deny the allegations and assertions made by Plaintiff in paragraph 16, and on that basis, denies each and every allegation.

17. In response to Paragraph 17 of the Complaint, Defendant lacks adequate information to admit or deny the allegations and assertions made by Plaintiff in

1 paragraph 17, and on that basis, denies each and every allegation.

2   18.   In response to Paragraph 18 of the Complaint, Defendant is unable to admit or deny the allegations contained therein because as phrased, the allegations require Defendant to make a legal conclusion that "…the parking spaces were compliant for persons with disabilities." Defendant is not required to answer legal conclusions and argument, and on that basis, is unable to admit or deny the allegations contained herein.

   19.   In response to Paragraph 19 of the Complaint, Defendant objects that the terminology contained in Paragraph 19, specifically the terms "policy or plan" are vague and ambiguous. However, to the extent the terminology can be understood Defendant denies each and every allegation.

   20.   lacks adequate information to admit or deny the allegations in this paragraph and on that basis, denies each and every allegation.

   21.   In response to Paragraph 19 of the Complaint, Defendant denies each and every allegation.

   22.   In response to Paragraph 20 of the Complaint, Defendant lacks adequate information to admit or deny the allegations in this paragraph and on that basis, denies each and every allegation.

   23.   In response to Paragraph 21 of the Complaint, Defendant lacks adequate information to admit or deny the allegations in this paragraph and on that basis, denies each and every allegation.

   24.   In response to Paragraph 22 of the Complaint, Defendant lacks adequate information to admit or deny the allegations in this paragraph and on that basis, denies each and every allegation.

   25.   In response to Paragraph 23 of the Complaint, Defendant lacks adequate information to admit or deny the allegations in this paragraph and on that basis, denies each and every allegation.

   26.   In response to Paragraph 24 of the Complaint, Defendant denies each and

AKERMAN LLP
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

every allegation.

27. In response to Paragraph 25 of the Complaint, Defendant lacks adequate information to admit or deny the allegations in this paragraph and on that basis, denies each and every allegation. Additionally, Defendant denies Plaintiff's assumption that there was a condition which establishes a violation.

28. In response to Paragraph 26 of the Complaint, Defendant lacks adequate information to admit or admit or deny such factual allegations, and on that basis, denies each and every factual allegation contained in Paragraph 26.. As to the balance of the allegations in the Paragraph, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29. In response to Paragraph 27 of the Complaint, Defendant denies that any alleged "…failure to remove these barriers was intentional." As to the balance of the allegations in the Paragraph, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

30. In response to Paragraph 28 of the Complaint, Defendant denies Plaintiff's allegation that "without injunctive relief, Plaintiff will continue to be unable to fully access Defendant's facilities…" As to the balance of the allegations in the Paragraph, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et. seq.*

31. In response to Paragraph 29 of the Complaint, Defendant refers to and incorporates its responses to each and every one of the preceding paragraphs as though fully set forth herein.

32. In response to Paragraph 30 including subparagraphs (a)–(c) Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33. In response to Paragraph 31 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34. In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

35. In response to Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36. In response to Paragraph 34 of the Complaint, Defendant lacks adequate information to admit or admit or deny such factual allegations, and on that basis, denies each and every factual allegation contained in Paragraph 34. As to the balance of the allegations in Paragraph 34, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every remaining allegation.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §51 *et. seq.*

37. In response to Paragraph 35 of the Complaint, Defendant refers to and incorporates its responses to each and every one of the preceding paragraphs as though fully set forth herein.

38. In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

39. In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

///

40. In response to Paragraph 38 of the Complaint, Defendant denies Plaintiff has sustained any damage as a result of any act or omission attributable to Defendant. As to the balance of the allegations in the Paragraph, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## PRAYER FOR RELIEF

Defendant denies the Prayer for Relief in its entirety and each and every part. Defendant denies that Plaintiff is entitled to any relief whatsoever and denies that Plaintiff suffered damage as a result of any act or omission attributable to Defendant.

## SEPARATE AND ADDITIONAL AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, Defendant alleges all of the following as separate and additional defenses. By pleading these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

1. Plaintiff lacks standing to pursue his alleged claims because, among other reasons, he is not a bona fide patron, client or customer of Defendant and is not entitled to relief under Title III of the ADA.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. Plaintiff's claims are barred by the applicable statute of limitations as outlined in California Civil Procedure Code section 335.1.

/ / /

/ / /

/ / /

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

3. The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

**(Effective Access)**

4. The alleged barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint do not comply with applicable access standards, if any applicable standards exist, the property nonetheless provided effective access to Plaintiff because any alleged noncompliance as alleged in the Complaint was *de minimis,* the property was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access the property.

**FIFTH AFFIRMATIVE DEFENSE**

**(Defendant Provided Services Via Alternative Methods)**

5. In addition to being in compliance with the applicable laws, Defendant has alternative methods for complying with the ADA, thereby providing full and equal access for individuals with disabilities to the goods, services, facilities, privileges, advantages and accommodations offered at the premises at issue.

**SIXTH AFFIRMATIVE DEFENSE**

**(Alleged Actions were not Intentional)**

6. The discriminatory actions alleged by Plaintiff, if they were in fact committed by Defendant, were not intentional. As a result, Plaintiff is not entitled to the relief requested in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unruh Civil Rights Act)**

7. Plaintiff has failed to state a claim under the Unruh Civil Rights Act.

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

### (Undue Burden)

8. Plaintiff's requested modifications to the property and business would pose an undue burden on Defendant.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

9. Plaintiff's Complaint and the causes of action alleged therein are barred because Defendant has made good-faith efforts to comply with all requirements under the ADA, Unruh Civil Rights Act, and California Disabled Persons Act, including by providing appropriate alternative access, and Defendant has reasonable grounds for believing its actions and/or inactions are in compliance with all applicable statutes.

## TENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Attorneys' Fees)

10. The Complaint, and each cause of action contained therein, fails to allege facts sufficient to entitle Plaintiff to recover attorneys' fees.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acts of Others)

11. The Complaint, and each cause of action contained therein, is barred in that any alleged act or omission of Defendant herein was superseded by the acts or omissions of others, including Plaintiff and third parties, which were the sole cause of any injury, damage or loss allegedly sustained by Plaintiff herein.

## TWELFTH AFFIRMATIVE DEFENSE

### (Technically Infeasible)

12. Any alleged wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Modifications to Policies, Practices and Procedures)

13. Plaintiff's claims are barred because Defendant was willing to, and did, make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

14. Plaintiff's claims are barred because Plaintiff failed to properly mitigate his alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Removal of Access Barriers Was Not Readily Achievable)

15. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense. Plaintiff therefore is precluded from recovering those alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Fundamental Alteration)

16. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

17. The Complaint, and each and every purported claim on which Plaintiff asserts liability, is barred because any action taken by Defendant was for legitimate, nondiscriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Mootness)

18. Plaintiff's claims are moot.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Equivalent Facilitation)

19. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, does not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Equal Access)

20. Defendant has provided equal access to individuals with disabilities.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary and Oppressive Penalties/Excessive Fines)

21. Plaintiff is not entitled to recover any civil penalties in this case because under the circumstances, any such recovery would be unjust, arbitrary and oppressive. An award of civil penalties would also constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Barrier)

22. Plaintiff is not entitled to the relief sought because the alleged curb ramp complained of did not constitute a barrier interfering with Plaintiff's full and equal access to the Green Taco business.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (California Disabled Persons Act)

23. Plaintiff has failed to state a claim under the California Disabled Persons Act.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Construction Prior to Effective Date of ADA)

24. Plaintiff's claims that Defendant's actions violate the ADA, Unruh Civil Rights Act, and California Disabled Persons Act are barred to the extent the subject property was designed and constructed prior to the effective date of the ADA, Unruh Act, and California Disabled Persons Act, or their regulations.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

25. Defendant alleges that it may have additional affirmative defenses that are not presently known and/or ascertainable. As such, Defendant hereby reserves the right to raise such additional affirmative defenses that may be discovered or ascertained after filing this underlying Answer.

### PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;
2. That Plaintiff take nothing by way of his Complaint;
3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and
4. For such further and other relief as the Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## DEMAND FOR JURY TRIAL

Defendant Hyung Sung Investment Properties, LLC hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure as to all issues or claims for which a jury trial is allowed.

DATED: February 13, 2019　　　　　　　　**AKERMAN LLP**

By: */s/ Kanika D. Corley*
　　Kanika D. Corley
　　Narmin A. Shahin
　　Attorney for Defendant
　　HYUNG SUNG INVESTMENT
　　PROPERTIES, LLC

**AKERMAN LLP**
601 W. FIFTH STREET, SUITE 300
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

47515992;1　　　　　13　　　　　CASE NO. 5:18-cv-01855-JGB(SPx)
**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 601 West Fifth Street, Suite 300, Los Angeles, California 90071.

On **February 13, 2019**, I served the following document described as:

**DEFENDANT HYUNG SUNG INVESTMENT PROPERTIES, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

on the persons below as follows:

| | |
|---|---|
| Joseph R. Manning, Jr., Esq.<br>Michael J. Manning, Esq.<br>Craig G. Cote, Esq.<br>MANNING LAW, APC<br>4667 MacArthur Blvd., Suite 150<br>Newport Beach, CA 92660<br>Telephone: (949) 200-8755<br>adapracticegroup@manninglawoffice.com | *Attorneys for Plaintiff*<br>*JAMES RUTHERFORD* |

☒ **BY CM/ECF ELECTRONIC FILING:** I caused the above document to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☒ (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **February 13, 2019**, at Los Angeles, California.

*/s/ Carmen Chavez*